STEPHENS *et al. vs.* WHITEHEAD *et al.*

Equity, from Rockdale. Debtor and Creditor. Attachments. Garnishments. Liens. Equity. Misjoinder. Multifariousness. Parties. (Before Judge Stewart.)

Hall, J.—A bill alleged, in brief, as follows: Complainants, as merchants doing separate businesses, at different times sold to S. & F. goods on credit, each acting independently of the other. After there had been an extension of time, the firm failed and assigned and their partnership effects for the benefit of their creditors alike. The assignment was rejected, and it was cancelled, and the goods redelivered to assignors. They proceeded, both by day and night, to sell the goods at ruinous undervalues as rapidly as possible for cash. The goods were clandestinely removed by each of the purchasers, and converted into money so as to place them beyond the reach of complainants and other creditors of the firm, and these transactions were entered into between such firm and the purchasers to defraud the complainants and other creditors. After the sale and conversion of the goods into cash, complainants brought suits on their respective claims, obtained judgments, and the executions issued were returned *nulla bona.* They then joined and filed this bill against several persons, residing in several counties, who had made these separate purchases from their common debtors, for the purpose of recovering from each of them the value of goods, alleged to have been thus fraudulently converted by him. No combination or concert of action was shown between them, but there was such between each of them and the debtors, who were not made parties.

Held. 1st., that the remedy of complainants, if any was under the statute, giving them an attachment against debtors who sell or convey property, liable to the payment of their debts, for the purpose of avoiding the payment of the same, or who threaten or prepare to do so, or shall make a fraudulent lien thereon. If the funds could be reached in equity, they could be as well reached by garnishment under attachment and none of the circumstances which generally give a ground for resort to equity appear.

(a.) Ordinarily a creditor without a lien has no status in court for

the purpose of filing a credstor's bill. Wait on Fraud. Con. and Crs. Bills §73 and cits.

2, 3. There was a misjoinder, both of complainants and defendants, especially as the debtors, who were the only connecting link between the creditors and the defendants, were not made parties. Nor was there any such connection between the different claims of the complainants as would authorize them to join in this bill.

(a.) While multifariousness is not favored as a defense, and there is no general rule for determining whether a bill is multifarious or not, and it must be left to the sound discretion of the Court under the facts of each case, yet it is settled that a complainant cannot demand several distinct matters, of distinct natures, of several defendants, nor several matters, perfectly unconnected, against one defendant. 12 Ga., 61, 65; 2 Dickens, 677; 1 Madd. Ch. R., 87; 2 Ib., 305; Jac. Ch. R., 117; 3 Simon, 466; Ib., 329 ; 2 Sch. and Lef., 367; 2 How., S. C., 639; 1 Dan. Ch. Pr., 391, 393.

(b.) This ruling does not conflict with that of City Bank of Macon *vs.* Bartlett. 71 Ga., 797.

(c.) As equity has no jurisdiction, the allowance of an amendment making the debtors parties, and allowing one of the complainants to proceed, would be useless.

Judgment affirmed.

J. N. Glenn, for plaintiffs in error.

A. C. McCalla; A. C. Perry, for defendants.